IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, <br><br> Plaintiff, <br><br> vs. <br><br> EARL EDWARD BIGGS JR., <br><br> Defendant. | 8:21CV379 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

This is one of a series of cases filed by Phyllis Knight regarding her eviction from a residential property in Omaha, Nebraska. The defendant in this case is Earl Biggs, Jr., who is alleged to be the cousin of the property's owner, LaChelle Phillips. Knight alleges that Biggs threatened her on August 13, 2019, by telling her she'd better move out of the house and show up to a court hearing; that Biggs entered the property on August 26, 2019, with six police officers and the county constable, and began removing items from the walls; that Biggs re-entered the property with police on September 15, 2019, and caused a police report to be filed against Knight for trespassing; and, on September 19, 2019, that Biggs threatened Knight by telling her she would be going to jail if she didn't leave, following which police arrived and cited Knight for trespassing. No specific form of relief is demanded.[1]

Knight alleges the court has "federal question" subject-matter jurisdiction under 28 U.S.C. § 1331 because Biggs violated provisions of the United States Constitution ("Religious Liberty, Article 6, Claus[e] 2 to the U.S. Constitution and Article 1, Section 8, Clau[s]es 3 of the U.S. Constitution"), federal statutes ("RICO 84 Stat. 922-3 aka 84 Stat., 18 U.S. Code § 1961 Corrupt Organization Act 91-452,

---

[1] Although Knight's Complaint does not contain a demand for relief, as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure, the Eighth Circuit has held this does permit the dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011) ("The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and the demand for judgment is not considered part of the claim for that purpose, as numerous cases have held.") (quoting 5 Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1255 at 508-09 (3d ed. 2004)). Under the Federal Rules of Civil Procedure, "a court may dismiss a complaint only if it is clear that *no* relief could be granted under *any* set of facts that could be proved consistent with the allegations." *Id.* at 1109 (emphasis in original; quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)).

title IX, § 90l(a), Oct. 15, 1970, 84 Stat. 941, 15 U.S. Code § 45 unfair or deceptive acts or practices, Americans with Disabilities Act (ADA), Religious Freedom Restoration Act of 1993 ... Title VII of the Civil Rights Act of 1964, 18 § U.S.C. 247 Destruction of Religious Property, Fair Housing Act Sec. 800. [42 U.S.C. 3601] Sec. 801. [42 U.S.C. 3601] Declaration of Policy, Sec. 802. [42 U.S.C. 3602] Definitions") and federal treaties ("Treaty of Peace and Indian Treaties").[2]

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Biggs is a private citizen, Knight "must establish not only that [Biggs] caused a deprivation of [her] constitutional [or statutory] rights, but that [Biggs] willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Crawford v. Van Buren Cty.*, 678 F.3d 666, 670-71 (8th Cir. 2012) (quoting *Dossett v. First State Bank,* 399 F.3d 940, 951 (8th Cir. 2005)). In order to state a conspiracy claim, Knight must allege specific facts showing a "meeting of the minds." *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir. 1988). She "must allege with particularity" that Biggs reached an agreement with state officials to violate her rights. *Holmes v. Slay*, 895 F.3d 993, 1001 (8th Cir. 2018) (quoting *Bonenberger v. St. Louis. Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016)).

Knight, however, only alleges in conclusory fashion that "Earl Biggs operated as a member of a gang when he conspired with a corrupt organized enterprise in operation by government employees who joined in the 'meeting of the minds' to help out Earl Biggs['] cousin LaChelle Biggs Phillips in the interest of a home … she was selling to Plaintiff." (Filing 1 at 5.) This allegation is insufficient to show the existence of a § 1983 conspiracy. *See, e.g.*, *Johnson v. Perdue*, 862 F.3d 712, 718 (8th Cir. 2017) ("The complaint includes no facts suggesting the individual

---

[2] Subject-matter jurisdiction is proper under section 1331 when a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," the Constitution, or treaties of the United States. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).

3

defendants reached an agreement; instead, it relies on conclusory allegations that the defendants conspired 'through mutual decisions and correspondence' and 'acted in concert and with a mutual understanding.' Because Johnson was unable to 'point[ ] to at least some facts which would suggest that appellees reached an understanding to violate [his] rights,' he has not sufficiently alleged a conspiracy.") (quoting *Jensen v. Henderson*, 315 F.3d 854, 862 (8th Cir. 2002)). Mere cooperation between alleged conspirators is not evidence of specific facts that show a "meeting of the minds." *Mendoza v. United States Immigr. & Customs Enf't*, 849 F.3d 408, 422 (8th Cir. 2017).

Knight claims there was a violation of her right to "Religious Liberty," which presumably is a reference to the First Amendment, although it is unclear whether she is relying on the Establishment Clause or the Free Exercise Clause. Knight only alleges that the residence from which she was evicted was a "religious study site." Even assuming that Knight's unidentified "religion" is entitled to First Amendment protection, this does not mean that it enjoys a general immunity from secular laws. *See Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060, 207 L. Ed. 2d 870 (2020). There is no allegation that Knight was evicted from the premises because of her religious practices or beliefs, as opposed to being in arrears in rent payments, which is the basis upon which a writ of execution was issued. *See La Chelle Phillips v. Dr. Phyllis Marie Knight Bey D M*, Case No. CI 19, County Court of Douglas County, Nebraska (Aug. 23, 2019 Journal Entry).[3]

Knight next cites the Supremacy Clause, which provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound

---

[3] Federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (federal courts may take judicial notice of judicial opinions and public records); *Stahl v. United States Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (taking judicial notice of public records, and considering such materials in a motion to dismiss). The state court file is available on the JUSTICE public database at www.nebraska.gov).

thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2. As Knight has been told previously, the Supremacy Clause does not create an independent private right of action. *See Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *5 (D. Neb. June 13, 2019), *aff'd*, 798 F. App'x 971 (8th Cir. 2020). The Supremacy Clause does not by itself confer any "rights, privileges, or immunities" within the meaning of § 1983. *Dennis v. Higgins*, 498 U.S. 439, 450 (1991).

Knight also cites the Commerce Clause, which provides: "The Congress shall have Power … [t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes[.]" U.S. Const. art. I, § 8, cl. 3. While suits for violations of the Commerce Clause may be brought under § 1983, *Dennis*, 498 U.S. at 443-51, Knight does not allege any facts showing there was a violation of her rights under this provision. The Commerce Clause confers an implied right to engage in interstate trade free from restrictive state regulation. *Id.* at 448.

Moving next to federal statutes, Knight claims Biggs violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Nitro Distrib., Inc. v. Alticor, Inc.,* 565 F.3d 417, 428 (8th Cir. 2009) (quoting 18 U.S.C. § 1962(c)). "RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions." *Dahlgren v. First Nat'l Bank of Holdrege,* 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)). However, RICO "does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir. 2006). "A violation of § 1962(c) requires [a plaintiff] to show '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Nitro Distrib.,* 565 F.3d at 428 (quoting *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479 (1985)). Plaintiffs must allege each of these RICO elements to state a claim. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (quoting *Gamboa*, 467 F.3d at 705 (cleaned up)).

5

A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 556 U.S. 938, 946 (2009). Knight's conclusory allegation that Biggs "conspired with a corrupt organized enterprise in operation by government employees" (Filing 1 at 5) is not sufficient to show there was an association-in-fact enterprise. Knight also fails to allege the necessary "pattern" of racketeering activity required by *Sedima*. She only alleges that Biggs acted with others to secure her eviction. *See, e.g., Deviries v. Prudential-Bache Sec., Inc.*, 805 F.2d 326, 329 (8th Cir. 1986) ("Deviries claims that defendants engaged in a 'pattern' of allegedly fraudulent securities sales over the course of six years. However, each of the activities comprising the 'pattern' pertains to alleged misrepresentations and 'churning' in connection with Deviries's account.… If proven, defendants' actions at worst would comprise one scheme to generate excessive sales commissions by recommending unsuitable investments and churning Deviries's account. This is insufficient to state a RICO claim."). Finally, and most importantly, Biggs' alleged conduct does not constitute "racketeering activity" as defined in 18 U.S.C. § 1961(1).[4]

Other federal statutes cited by Knight are 15 U.S.C. § 45, which authorizes the Federal Trade Commission to proceed against unfair methods of competition and unfair or deceptive acts or practices in commerce; the Americans with Disabilities Act, which prohibits disability discrimination in employment and places of public accommodation; the Religious Freedom Restoration Act of 1993 ("RFRA"), which prohibits governments[5] from substantially burdening the rights of individuals to

---

[4] "Racketeering activity" includes, *inter alia*, acts which are indictable under certain federal criminal statutes and "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance … which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C.A. § 1961(1) (Westlaw 2022).

[5] "In *City of Boerne v. Flores*, 521 U.S. 507, 532-36 (1997), the RFRA was found unconstitutional as applied to the states. The RFRA remains enforceable

religious exercise without compelling justification; Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment because of race, color, religion, sex, or national origin; 18 U.S.C. § 247, a criminal statute which prohibits intentional destruction of religious real property on account of its religious character, or forceful interference with religious exercise, but which does not create a private right of action, *see Bey v. Jones*, No. 19CV2577RRMPK, 2019 WL 2028703, at *2 (E.D.N.Y. May 8, 2019), *Wilson-Johnson v. Walker*, No. CV 18-1076, 2018 WL 1641223, at *2 (E.D. Pa. Apr. 4, 2018), *Hiramanek v. Clark*, No. C-13-0228 EMC, 2013 WL 12308479, at *3 (N.D. Cal. Mar. 25, 2013); and the Fair Housing Act, which prohibits discrimination in the housing market on the basis of race, color, religion, sex, handicap, familial status, or national origin. None of these statutes give rise to a claim against Biggs on the facts alleged in Knight's Complaint.

Last of all, Knight generally references "Treaty of Peace and Indian Treaties." Based on filings in another case, the "Treaty of Peace" might be the Treaty with Morocco, one of the Barbary Treaties that were executed during 1795-1836 between the United States and semi-autonomous North African city-states of Algiers, Tunis, and Tripoli, and the Sultanate of Morocco. *See Knight v. Chatelain*, *supra*, 2019 WL 2464789, at *5 (holding Knight's reliance on the Treaty with Morocco to invoke "federal question" jurisdiction as an alleged "Moorish American National, a citizen of the Moorish National Republic Federal Government, Northwest Africa," was facially frivolous).[6] In any event, Knight does not allege facts showing that a treaty applies in this case.

## IV. CONCLUSION

For the reasons discussed above, Knight's Complaint is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). Knight will not be granted leave to amend

---

against the federal government and as a defense to the application of federal law. 42 U.S.C. § 2000bb-3(a); *see also In re Young*, 141 F.3d 854, 861-63 (8th Cir. 1998). This case does not involve federal agencies, federal officers, or the application of federal law. Accordingly, the RFRA has no application to this case." *Brown v. Jordan*, No. 5:18-CV-05199, 2019 WL 637720, at *10 (W.D. Ark. Feb. 14, 2019).

[6] In the present case, though, Knight alleges she is "a U.S. Citizen and proclaimed American National." (Filing 1 at 5.)

7

her Complaint because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss).

IT IS THEREFORE ORDERED that this case is dismissed without prejudice. Judgment shall be entered by separate document.

DATED this 10th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge